# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:16-cv-00591-GMN-GWF |
| vs. ) | **ORDER** |
| ALIANTE MASTER ASSOCIATION, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Defendant SFR Investment Pool 1, LLC's ("SFR") Motion to Strike Bank of America, N.A.'s Demand for Security of Costs (ECF No. 26), filed on June 14, 2016.  Plaintiff filed a Response (ECF No. 32) on June 30, 2016 and Defendant filed a Reply (ECF No. 33) on July 13, 2016.

Defendant Aliante Master Association ("HOA") conducted a nonjudicial foreclosure sale of the property located at 6716 Sea Swallow Street in North Las Vegas, Nevada on or about May 9, 2014. *Complaint (ECF No. 1)*.  The HOA sold the property to SFR for approximately 8% of the value of the unpaid principal balance of the senior deed of trust, to which Plaintiff claims to hold the beneficiary interest in. *Id. at pg. 6, ¶ 28.*  Therefore, Plaintiff brought this action challenging the nonjudicial foreclosure sale in order to protect its interest in the property because if the Court finds that the HOA properly foreclosed on the property, Plaintiff's interest would be extinguished under NRS 116.

On May 14, 2016, SFR filed counterclaims against Plaintiff seeking to quiet title to the property and requesting injunctive relief. *See Counterclaim (ECF No. 18)*.  Based on these counterclaims, Plaintiff filed a Motion for Demand for Security of Costs Pursuant to NRS 18.130(1) on June 1, 2016.  (ECF No. 23).  NRS 18.130(1) provides in pertinent part:

> When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint.

An automatic stay on "all proceedings in the action" is imposed following a proper demand for costs until the plaintiff either posts a bond or deposits cash in the amount of $500. NRS 18.130(1). If the plaintiff fails to post the demanded security within 30 days of the notice, "the court or judge may order the action to be dismissed." *Id.*

SFR requests that the Court strike Plaintiff's demand for security as a fugitive document because NRS 18.130(1) is not applicable to this case. SFR argues that "Plaintiff's motion improperly characterizes SFR as a plaintiff [and] falsely claims that SFR is not a resident of Nevada and is a foreign corporation." *Motion to Strike (ECF No. 26), pg. 2, lns. 13–15.* Plaintiff asserts that SFR became a plaintiff for purposes of NRS 18.130 as a result of filing a counterclaim against Plaintiff. *Response (ECF No. 32), pg. 3–4.* Plaintiff also argues that despite the fact that SFR is a Nevada limited liability company, it is a foreign corporation for purposes of NRS 18.130 because it is wholly owned by foreign corporations, thereby making it a foreign citizen for diversity purposes. *Id. at pg. 4–5.*

This district has held in almost identical circumstances that SFR is not a foreign corporation nor does SFR reside out of state for purposes of NRS 18.130(1). *See Ditech Financial, LLC v. Hollywood Highlands E. Landscape Maintenance Ass'n, et al.*, 2016 WL 3751944 (D. Nev. July 13, 2016). In *Ditech*, the court found that "SFR is not a corporation at all, let alone a foreign one" because corporations and limited liabilities are treated separately under Nevada law. *Id. at *2.* The *Ditech* court also found that SFR resided in Nevada because that it where SFR maintained its principal place of business. *Id.* Moreover, the court in *Ditech* noted that the history and policy behind NRS 18.130(1) did not support a finding that SFR should be required to post the cost bond for two reasons. First, limited liability companies did not exist at the time the Nevada legislature adopted NRS 18.130 and, therefore, were not intended to be included in the term "foreign corporation." *Id.* Second, limited liability companies organized under the state of Nevada are tied to Nevada by means of annual fees and the requirement of designating a resident agent for service of process. *Id. at *3.*

1  Therefore, the purpose of the statute—ensuring future costs that the defendant may incur if the
2  nonresident plaintiff is allowed to proceed — is met. *Id.*
3      These findings are equally applicable here.  SFR has asserted—and Plaintiff has conceded—
4  that it is a Nevada limited liability company.  Thus, SFR is not a corporation.  In addition, SFR
5  provided the authenticated transcript of Christopher Hardin's deposition, which demonstrates that
6  SFR's principal place of business is in Nevada and that SFR operates solely in Nevada. *See Motion*
7  *to Strike (ECF No. 26), Exhibit A.*  Therefore, SFR is a resident of Nevada.[1] Accordingly,
8      **IT IS HEREBY ORDERED** that Defendant SFR Investment Pool 1, LLC's Motion to Strike
9  Bank of America, N.A.'s Demand for Security of Costs (ECF No. 26) is **granted**.
10     **IT IS FURTHER ORDERED** that the Clerk of Court is directed to **strike** Plaintiff's
11 Demand for Security of Costs (ECF No. 23) from the record in this case.
12     DATED this 20th day of July, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] The Court rejects Plaintiff's argument that SFR should not be considered a resident of Nevada because SFR is a foreign citizen.  The law Plaintiff cites to is simply inapposite to this issue because those cases relate to determining citizenship, which turns on domicile, for the purposes of diversity jurisdiction.  However, citizenship and residency are two different concepts. *See, e.g, Emerald Inv'rs Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 208 (3d Cir. 2007) (*quoting Martinez v. Bynum*, 461 U.S. 321, 338–39 (1983) (Marshall, J., dissenting) ("A difference between the concepts of residence and domicile has long been recognized. A person is generally a resident of any state with which he has a well-settled connection.").